Filed 2/24/23  P. v. Mello CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077039 |
| v. | (Super.Ct.No. CR27819) |
| WILLIAM DOUGLAS MELLO, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant, William Douglas Mello, filed a petition for resentencing pursuant to former Penal Code section 1170.95,[1] which the superior court denied. On appeal, defendant contended the court erred in denying his petition. By opinion filed April 8, 2022, we affirmed.[2]

On December 21, 2022, the California Supreme Court transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). On December 23, 2022, we ordered our opinion vacated and set a briefing schedule.

Defendant argues that pursuant to *Strong*, the court erred in determining the jury's true finding on the felony-murder special-circumstance allegations rendered prior to the decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) made him ineligible for relief. Defendant maintains the matter must be reversed and remanded for further proceedings. The People concede that matter should be remanded. We reverse and remand for further proceedings.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] Defendant also filed a petition for writ of habeas corpus (*In re Mello*, June 2, 2021, E077163), which we ordered considered with this appeal. The petition was denied. April 8, 2022.

# I. PROCEDURAL BACKGROUND[3]

On November 9, 1989, a jury found defendant guilty of first degree murder (§ 187), first degree burglary (§ 459), and robbery (§ 211). The jury further found true special circumstance allegations that defendant committed the murder while engaged in a robbery (§ 190.2, subd. (a)(17)(i)) and while engaged in a burglary (§ 190.2, subd. (a)(17)(vii)). The court sentenced defendant to imprisonment for life without the possibility of parole.

On March 15 2021, defendant filed a petition for resentencing pursuant to section 1170.95. At a hearing on April 9, 2021, the People noted that defendant was ineligible for the relief requested because the jury had found true special murder circumstances. The court reviewed its own records and observed there "were two special allegations that were found. . . . [¶] The defendant is ineligible for relief as a matter of law. . . . [T]he special circumstance finding would have required the jury to find if defendant was not the actual killer, the defendant . . . was an aider and abettor [who] entertained a specific intent to kill or [was] a substantial participant acting with a reckless disregard." The superior court denied the petition.

# II. DISCUSSION

Defendant argues the superior court erred in denying his petition, and the matter should be reversed and remanded. The People agree. We reverse and remand the matter for a new prima facie hearing.

---

[3] We exclude a recitation of the facts as irrelevant to the issue raised.

3

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of" theories under which malice is imputed to a person based on that person's participation in a crime "to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*Strong*, *supra*, 13 Cal.5th at pp. 707-708.) "Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citations], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437." (*Id.* at p. 708, fn. omitted.)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.)

Where a defendant's "case was tried before both *Banks* and *Clark*, . . . special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p. 721.)  A court "err[s] in concluding otherwise." (*Ibid.*)

If, instead, a defendant has made a prima facie showing of entitlement to relief, "'the court shall issue an order to show cause.'" (*Strong*, *supra*, 13 Cal.5th at p. 708.) Once the court determines that a defendant has made a prima facie showing, "the court must [then] hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill 1437." (*Id.* at p. 709.)  "Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life . . . .'" (*Id.* at p. 710.)

Here, the jury rendered the special murder circumstance findings before both *Banks* and *Clark* were decided.  With respect to those findings, "no judge or jury has ever found the *currently* required degree of culpability . . . ." (*Strong*, *supra*, 13 Cal.5th at p. 718, italics added.)  Thus, the special murder circumstance findings did not, alone, render defendant per se ineligible for relief.  Therefore, the court below erred in denying defendant's petition on that basis.

## III.  DISPOSITION

The order denying defendant's petition is reversed.  The matter is remanded with directions to hold a new prima facie hearing.  We express no opinion on whether defendant is entitled to relief following the hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
Acting P. J.

We concur:


MILLER
J.


CODRINGTON
J.

6